IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:00-CR-16-WHA |
| | ) | |
| WALLACE SALERY | ) | |

## **ORDER**

This cause is before the court on Defendant Wallace Salery's pro se Motion for Modification of Supervised Release (Doc. #347) and the Government's and Probation Office's responses thereto. (Doc. #351, 352).

Salery was sentenced to 360 months of imprisonment to be followed by six years of supervised release. (Doc. #247). Salery has been granted sentence reductions (Doc. #326, 331), and began his period of supervised release on April 21, 2014. His supervision is scheduled to terminate on August 20, 2020. (Doc. #351).

Defendant Salery seeks early termination of supervised release on the basis of his having served three and a half years of supervised release without violation of the terms of supervised release, having fully complied with all the terms of his release, being employed for three years, having paid the court-assessed fee, and having strong family and community ties.

Defendant Salery's Probation Officer has no objection to his motion, stating that since Salery has been under supervision he has had no positive drug screens, has maintained employment, has made a successful transition into society, and does not appear to present an identifiable risk to the community.

The United States also does not oppose Defendant Salery's motion, stating that there is no dispute that he has fully complied with the terms of his release and that he should be commended

for his success in doing so for approximately four years. The United States requests that the motion be granted without an evidentiary hearing.

Title 18 U.S.C. § 3583(e) addresses early termination of supervised release and provides that the court, after considering the factors set forth in section 3553(a) may, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The Eleventh Circuit has explained that the "statute's requirement that courts examine 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) before terminating supervised release, however, indicates that these were not Congress's only goals; the nature and circumstances of the offense, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, uniformity of sentences among defendants committing the same types of crimes are all also considerations related to supervised release." *United States v. Reagan*, 162 F. App'x 912, 914 (11th Cir. 2006).

Salery began his term of supervised release on April 21, 2014, and so has completed more than one year of supervision. Defendant Salery has complied with all conditions of his supervised release and has maintained employment. There is no objection to the Defendant's request for early termination. After consideration of the Section 3553(a) and all other relevant factors, and the position of the Probation Officer and the United States, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

A hearing is not required if the relief sought is favorable to the person and does not extend the term of supervised release. Fed. R. Crim. Proc. 32.1 (c)(2). Accordingly, it is hereby

ORDERED that Defendant Salery's Motion for Modification (Doc. #347) is GRANTED and his term of supervised release is TERMINATED.

The Clerk of the Court is DIRECTED to mail a copy of this order to the Defendant.

Done this 18th day of April, 2018.

                     /s/ W. Harold Albritton
                     SENIOR UNITED STATES DISTRICT JUDGE